[No. 13508. Department Two. January 4, 1917.]

MIANUS MOTOR WORKS, *Respondent*, v. B. H. VOLLANS, *Appellant*.[1]

SALES—WARRANTY—PERFORMANCE OR BREACH. A contract for a hoist according to plans and specifications, to be fitted to defendant's gasoline logging engine, already in use, and to be "connected to a pinion shaft with cut gears, to get two speeds on drums," with specified revolutions per minute, the hoist having no power itself, does not guarantee the power of the engine to drive the drums at such speeds, and the failure of the engine to develop such speeds does not constitute a breach of warranty.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered December 31, 1915, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

[1]Reported in 162 Pac. 49.

*Cooley, Horan & Mulvihill,* for appellant.
*Louis A. Merrick,* for respondent.

Holcomb, J.—On a former appeal, *Mianus Motor Works v. Vollans,* 83 Wash. 680, 145 Pac. 997, affirming an order granting a new trial, we determined certain questions as to the construction of the contract between the parties, and the effect of a certain instruction thereon given by the court and by the trial court and this court held erroneous. When the case went down for new trial, defendant, who was the appellant in the former appeal and in this, attempted to amend his affirmative answer, and also offered evidence in support thereof to the effect that there were certain defects in construction of the gasoline logging engine so that certain stated speeds of the hauling drum and of the haul-back drum could not be obtained; that it was defectively so constructed that, when connected with the pinion shaft, two speeds of the revolving drums could not be obtained; and that the engine, when being used for hauling poles and piling, would not develop three hundred and sixty revolutions per minute upon the pinion shaft, or any speed whatsoever.

These amendments and the offers of evidence of like import, upon objection by the respondent, were refused by the trial court, holding that the decision on the former appeal left nothing to decide other than that contained in the pleadings. The jury was discharged, the trial proceeded to the court, the evidence introduced at the former trial was reintroduced, and appellant offered evidence of the knowledge of the vendor of the engine of the purpose contemplated for its use by appellant, and of the meaning of certain clauses of the contract and of the specifications, and contended that the contract contained an express warranty as to the completed machine, which comprised a gasoline logging engine, hoist, and everything to constitute the complete logging rig as an entirety. The trial court later permitted the amendment to the answer to be considered as made *pro forma,* but rejected the

offered proofs.   Judgment was granted respondent for a balance unpaid on the contract of $926.30, and $66.80 for certain extras and interest.

As was said on the former appeal:

"The rights of the parties in this case are fixed by their written contract.   This contract called for a hoist in accordance with the blue print and specifications.   *There is no claim that the hoist was not constructed as contracted for.* The engine which was mounted upon the hoist was the one which the contract called for, *and which had previously been used by the defendant.*"   [Italics this writer's.]

And further:

"But it is claimed  .  .  .  that the engine when mounted upon the hoist  . ·  .  .  *would not develop the power necessary to do the work* and that the engine was not covered by the blue print and specifications.   The answer to this is that the engine and hoist became a completed rig.   *The engine was the one specified in the contract and which had been used by the defendant for some months.*"

Precisely the same contract is now before us.   Precisely the same conditions as to the alleged guaranty are now before us.   It is the same engine and the same adjustment of a certain engine which appellant had previously bought *and used for some months,* and furnished by appellant.   Nothing materially different in any way is shown.   The rights of the parties are still to be fixed by the same contract.   That contract called for the construction of certain machinery and the "fitting of appellant's engine on a cast frame and connected to a pinion shaft with cut gears, to get two speeds on drums; a slow speed of 24 revolutions per minute and a high speed of 36 revolutions per minute, and on the haul-back drum a high speed of 48 to 50 revolutions per minute."   There is not a syllable of the contract that guarantees the power of the engine to drive the drums at such speeds. ˙ The apparatus to be furnished by respondent, including the drums, had no power or motion in itself whatsoever.   Power had to be applied and

motion produced by an engine, and that, it was agreed, was to be the engine owned and furnished by appellant.

There is no logical escape from the conclusion that, since there was no defect in the hoist and drums furnished by respondent, nor in the adjustment thereto of the engine, if anything was defective and the cause of the failure to obtain the power and speed required, it was in appellant's engine.

Judgment affirmed.

MORRIS, C. J., MOUNT, and PARKER, JJ., concur.